UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ISABELLA RAHEEK SULEIMAN,<br><br>　　　　　　　　　　　Defendant. | Case No.: 21-CR-1921-W<br><br>**ORDER DENYING MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)**<br>**(Compassionate Release)** |

　　　　On June 13, 2022, this Court sentenced Defendant Isabella Raheek Suleiman to twenty-seven (27) months' imprisonment for importation of methamphetamine in violation of 21 U.S.C. §§ 952, 960. Defendant was ordered to self-surrender on March 22, 2023, and pretrial services informed the Court that Defendant complied and began to serve her sentence on that day. Defendant moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), on the grounds that extraordinary and compelling reasons justify her release.

　　　　Section 3582(c) of Title 18 provides that a defendant may bring a motion only after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring a motion on her behalf. Defendant has satisfied the exhaustion requirement, and the Court has jurisdiction. For the reasons below, the Court **DENIES** Defendant's motion to reduce her sentence.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the court finds that "extraordinary and compelling reasons warrant such a reduction." The United States Sentencing Commission Guidelines Manual ("USSG") recognizes that certain medical conditions may constitute an "extraordinary and compelling reason" warranting a reduction in sentence under § 3582. See USSG § 1B1.13. However, application note 1(A) limits a reduction for medical conditions to "terminal illness" or if the defendant is:

> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13, cmt. n.1(A)(i)–(ii). USSG § 1B1.13 is not binding, however, and "district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).

While the Court may consider factors outside of those articulated in the Commission's policy statement, no evidence shows that Defendant's basis for modification of sentence meets the high bar needed to show an extraordinary and compelling reason for a sentence reduction. Defendant checks the box next to the statement, "There are other extraordinary and compelling reasons for my release," but she provides no reasons to support that statement. (See Doc. 62 at 5.) In the Proposed Release Plan attached to her motion, she states that the people she is proposing to reside with are "aware of [her] medical needs." (Id. at 8.) However, she provides no facts at all regarding any physical or medical condition or that any such condition is not being adequately addressed by the Bureau of Prisons medical personnel.

//
//

Defendant has made no showing of a terminal illness or that she suffers from a serious physical or medical condition of any kind.

Based on the foregoing, Defendant's motion for a reduced sentence is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 12, 2023

Hon. Thomas J. Whelan
United States District Judge